IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>     Cleveland Field Office <br>     1240 E 9th St. <br>     Cleveland, OH 44199 <br><br>     Plaintiff, <br><br> v. <br><br> UNITED LABOR AGENCY , <br>     1020 Bolivar Rd. <br>     Cleveland, OH 44115 <br><br>     Defendant. | Civil Action No. 1:23-cv-00283 <br><br> COMPLAINT AND <br> JURY TRIAL DEMAND |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on disability and to provide appropriate relief to Margaret Colon-Ramos ("Colon-Ramos"). The U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant United Labor Agency ("ULA" or "Defendant") violated the ADA by discriminating against Colon-Ramos on the basis of her disability—breast cancer—when it denied her a reasonable accommodation of temporary remote work, and subjected her to intolerable work conditions that resulted in her constructive discharge.

**JURISDICTION AND VENUE**

1

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

3. The EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. Defendant is an Ohio state corporation headquartered in Cleveland that has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been doing business in Cleveland, where the unlawful employment practices that are at issue in this lawsuit took place.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Margaret Colon-Ramos, then a former employee of Defendant, filed a Charge of Discrimination with the Commission alleging that Defendant had denied her reasonable accommodations for her disability and constructively discharged her in violation of the ADA.

9. Defendant responded to Colon-Ramos' Charge of Discrimination and participated in all aspects of the administrative investigation.

10. On October 24, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated the ADA by discriminating against Colon-Ramos because of her disability and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. After issuing the Letter of Determination, the Commission engaged in communications with Defendant to provide it the opportunity to remedy the unlawful employment practices described in the Letter of Determination.

12. On November 8, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

14. From January 25, 2022 until March 15, 2022, Defendant engaged in unlawful employment practices in violation of Sections 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A), by failing to provide Colon-Ramos with reasonable accommodations for her disability and constructively discharging Colon-Ramos for her disability by creating working conditions that

were sufficiently adverse that a reasonable person in her position would have felt compelled to resign:

    a.    Defendant continuously employed Colon-Ramos from December 13, 2012, until March 15, 2022, most recently as a Recruiter at Defendant's Cleveland headquarters.

    b.    Colon-Ramos, throughout her almost ten years of employment with Defendant, enjoyed positive feedback about her performance and experienced no performance problems.

    c.    As a result of the COVID-19 pandemic, Defendant required its staff, including Colon-Ramos, to work remotely from approximately July 2020 until early March 2021.

    d.    Throughout the entire period when she worked remotely for Defendant, Colon-Ramos's performance remained positive and without any problems.

    e.    Around March 2021, while still working remotely, Colon-Ramos was diagnosed with stage three invasive ductal carcinoma of the left breast.

    f.    Shortly after her diagnosis, Colon-Ramos notified Defendant of her diagnosis and discussed with it her treatment plans and plans for medical leave.

    g.    Colon-Ramos took paid and unpaid medical leave from around the time of her diagnosis in March 2021 until January 3, 2022, during which time she underwent chemotherapy, two surgeries, and radiation treatments for her breast cancer.

    h.    Throughout her medical leave while she underwent treatment, Colon-Ramos regularly communicated with Defendant, including her supervisor and human resources administrator, about her treatments and medical condition.

    i.    Colon-Ramos' oncologist cleared her to return to work in January 2022, with intermittent leave for radiation treatments.

    j.    In January 2022, Defendant notified its workforce that in February 2022 all employees would be required to return to the workplace.

k. As she still was undergoing radiation treatments and was immunosuppressed, on January 24, 2022, Colon-Ramos requested from Defendant that she continue to work remotely until May 2022 when her treatments would be complete, and furnished to Defendant that recommendation from her oncologist who offered to supply additional information.

l. On January 25, 2022, Defendant denied Colon-Ramos' request.

m. At no time did Defendant discuss with Colon-Ramos her need for continued and temporary remote work or seek additional information from her or her oncologist about her requested accommodation.

n. After February 1, 2022, Colon-Ramos worked in person per Defendant's demands. During the period in the workplace, Defendant sent a mass email to the staff notifying them, three separate times, of COVID-19 outbreaks at the workplace. Each time, Defendant neglected to include Colon-Ramos in its mass email.

o. After both the first and second times she learned that Defendant had omitted her from the mass emails, Colon-Ramos asked Defendant to include her. Defendant continued to leave her off the mass email and offered no explanation for excluding her from these notifications.

p. After the third discovery of not being notified of a COVID-19 outbreak in her workplace, fearing for her health, on March 3, 2022, Colon-Ramos constructively discharged from Defendant.

15. The effect of the practices complained of in paragraph 14 above has been to deprive Colon-Ramos of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

16. The effect of the practices complained of in paragraph 14 above has been to deprive

Colon-Ramos of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of her disability.

17. The effect of the practices complained of in paragraph 14 above has been to deprive Colon-Ramos of equal employment opportunities and otherwise adversely affect her status as an employee because she exercised her rights under the ADA by making a request for a reasonable accommodation.

18. The unlawful employment practices complained of in paragraph 14 above were intentional.

19. The unlawful employment practices complained of in paragraph 14 above were done with malice or with reckless indifference to the federally protected rights of Colon-Ramos.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to reasonably accommodate any individual with a disability and from engaging in any employment practice which discriminates on the basis of a disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required

by the Court and informs all employees that Defendant will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA.

      D.      Order Defendant to make Colon-Ramos whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

      E.      Order Defendant to make Colon-Ramos whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to any job search expenses and medical expenses, and other pecuniary losses, in amounts to be determined at trial.

      F.      Order Defendant to make Colon-Ramos whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of herein, including emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

      G.      Order Defendant to pay Colon-Ramos punitive damages for its malicious and reckless conduct described herein, in amounts to be determined at trial.

      H.      Grant such further relief as the Court deems necessary and proper.

      I.      Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS

        General Counsel

        DEBRA M. LAWRENCE
        Regional Attorney

        /s/ Maria Luisa Morocco
        MARIA LUISA MOROCCO
        Assistant Regional Attorney

        /s/ Rebecca Sam Wallace
        REBECCA SAM WALLACE
        Trial Attorney
        U.S. Equal Employment Opportunity Commission
        Philadelphia District Office
        801 Market Street, Suite 1000
        Philadelphia, PA 19107
        Phone: (267) 589-9762
        Fax:    (215) 440-2848
        sam.wallace@eeoc.gov


        ATTORNEYS FOR PLAINTIFF

Dated:      February 14, 2023