IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) ) |
| UNITED LABOR AGENCY | ) ) ) ) ) ) ) |
| Defendant. | ) ) |

Civil Action No. 1:23-cv-00283

CONSENT DECREE

## **CONSENT DECREE**

This Action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission" or "EEOC"), against United Labor Agency, ("Defendant"), alleging violations of Sections 102(a) and 102(b)(5)(A) of the Americans with Disabilities Act of 1990, as amended ("the ADA"), 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A). The Commission alleged that Defendant discriminated against former employee Margaret Colon-Ramos ("Colon-Ramos") by denying her a reasonable accommodation for her disability—breast cancer—and by subjecting her to work conditions that resulted in her constructive discharge. Defendant has denied the Commission's allegations.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation and they desire to formulate a plan, to be embodied in a Consent Decree ("Decree"), that will resolve the Commission's claims and promote and effectuate the purposes of

the ADA. This Decree does not constitute an adjudication on the merits of the Commission's case, and it shall not be construed as a waiver by the Commission of any contentions of discrimination, or as an admission of liability by Defendant.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, and the ADA. Therefore, upon due consideration of the record herein,

It is **ORDERED, ADJUDGED, AND DECREED:**

1. This Decree resolves all claims alleged in the Complaint filed by the Commission in this ADA action, which emanated from the Charge of Discrimination filed by Colon-Ramos, EEOC Charge No. 532-2022-01162.

2. This Decree shall be in effect for a period of three (3) years from the date it is entered by the Court.

## NON-DISCRIMINATION

3. Defendant and its officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with any of them are hereby enjoined from violating the ADA and agree that they will not discriminate against qualified individuals on the basis of disability, and shall provide reasonable accommodations to qualified disabled individuals absent undue hardship.

4. Defendant shall not retaliate, coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of any right granted and protected by the ADA.

5. In furtherance of compliance with Paragraphs 3 and 4, Defendant will engage in the interactive process with qualified individuals with disabilities who request intermittent or temporary remote work as a reasonable accommodation. Defendant will provide this reasonable

accommodation to qualified individuals with disabilities, if the essential duties of their position can be performed remotely and the accommodation will not pose an undue hardship to Defendant. Defendant will not penalize employees for requesting or taking temporary remote work.

## MONETARY RELIEF

6. Defendant shall pay Colon-Ramos a total of $32,371.52 in monetary relief ("Monetary Relief"). The Monetary Relief represents $2,239.32 in lost wages and non-wage compensation ("back pay"), $132.20 in interest on back pay, and $30,000.00 in non-economic damages alleged under 42 U.S.C. § 1981a ("Section 1981a damages").

7. For back pay, Defendant shall withhold all applicable employee taxes and statutory deductions from the payment to Colon-Ramos. Defendant's required employer contributions, including those under FICA, are separate from, and shall not be deducted from, the back pay payment. Defendant shall report the back pay payment, and applicable withholdings, to the IRS and Colon-Ramos via an IRS Form W-2 for the 2023 tax year. For interest and 1981a damages, withholdings and deductions shall not apply and Defendant shall report the payment to the IRS via an IRS form W-9 for the 2023 tax year reflecting the payment in box 3. The Commission will provide Defendant with an updated IRS Form W-4 and a W-9 for Colon-Ramos.

8. Defendant shall send the Monetary Relief directly to Colon-Ramos by trackable express delivery service, at an address provided by the Commission. Colon-Ramos shall receive two checks, one constituting back pay and another constituting interest and 1981a damages.

9. Defendant will send the Monetary Relief to Colon-Ramos no later than 30 days after entry of the Decree by the Court.

10. Within three (3) days after sending the Monetary Relief, Defendant shall email a photocopy of the checks, along with a photocopy of documentation of delivery, to the Commission's counsel of record, Sam Wallace, at sam.wallace@eeoc.gov.

## ADA POLICY AND DISSEMINATION

11. Within thirty (30) days from the date of entry of the Decree, Defendant will:

   A. implement and either disseminate or publish where copies of Defendant's employment policies are traditionally located, and begin disseminating to new hires or notifying new hires of the location where it is published, a written ADA Reasonable Accommodation policy that states that Defendant will provide reasonable accommodations to qualified individuals with disabilities, unless doing so would post an undue hardship; and that Defendant will engage in an interactive process with individuals who request or require reasonable accommodations and undertake individualized assessments to determine what, if any, accommodations would be reasonable and effective given the circumstances of each individual;

   B. designate specific individuals or positions to whom requests for accommodations should be directed by applicants or employees, as agreed to by the EEOC prior to the filing of this Decree; and

   C. disseminate to every current employee, and begin disseminating to new hires, a written description of the procedures for requesting a reasonable accommodation, for engaging in the interactive process with Defendant for identifying possible reasonable accommodations, and for receiving notification of Defendant's response to any request for accommodation.

12. Within fifteen (15) days of the dissemination of the ADA policy and procedures to existing employees, Defendant shall email to the Commission's counsel of record, Sam Wallace at sam.wallace@eeoc.gov, a copy of the ADA policy and procedures and a declaration from a responsible official of Defendant authenticating the policy and verifying that it has been disseminated or made available to all employees.

## **TRAINING**

13. Within sixty (60) days from the date of entry of the Decree, Defendant shall provide no less than two (2) hours of training for all of Defendant's human resources or management personnel, or any other respresentatives designated by Respondent to receive, assess, grant, or deny reasonable accommodation requests ("Management/HR Personnel"). The training shall be provided by an attorney, human resources professional, or similar professional with expertise in ADA compliance. The training will include the following: (1) an explanation of the ADA with an emphasis on reasonable accommodation and the interactive process; (2) employees' rights under the ADA; (3) Defendant's duty not to discriminate against qualified individuals with disabilities; (4) Defendant's duty to provide reasonable accommodations to qualified individuals with disabilities; (5) an explanation of Defendant's ADA policy and procedures; and (6) Management/HR Personnel's role in ensuring that employees who need reasonable accommodations receive such accommodations and the steps Management/HR Personnel are expected to take to ensure Defendant's compliance with the ADA. Defendant shall record this training and provide it to all new Management/HR Personnel within thirty (30) days of their hire, promotion, or transfer to a Management/HR Personnel role.

14. Within sixty (60) days from the date of entry of the Decree, Defendant shall provide no less than two (2) hours of training by an attorney, human resources professional, or similar

professional with expertise in ADA compliance to all of its employees. The training will include the following: (1) an explanation of the ADA with an emphasis on reasonable accommodation and the interactive process; (2) employees' rights under the ADA; (3) an explanation of Defendant's ADA policy and procedures; and (4) an explanation of how and to whom to apply for a reasonable accommodation with Defendant. Defendant shall record this training and provide it to all new employees within thirty (30) days of their hire

15. Within ten (10) days of the training required under Paragraph 14 , Defendant shall email certification to the Commission's counsel of record at the Philadelphia District Office, Sam Wallace, at sam.wallace@eeoc.gov, that the training required in Paragraph 14 was provided. The certification will include the name and credentials of the trainer, the date/s of the training, and the name of all attendees.

16. Within ten (10) days of the training required under Paragraph 15 , Defendant shall email certification to the Commission's counsel of record at the Philadelphia District Office, Sam Wallace, at sam.wallace@eeoc.gov, that the training required in Paragraph 15 was provided. The certification will include the name and credentials of the trainer, the date/s of the training, and the name of all attendees.

## POSTING

17. Within ten (10) days after entry of the Decree, Defendant shall post, in all places where notices to employees customarily are posted within Defandant's office, the Notice attached hereto as Exhibit A and made a part hereof. Said Notice shall be posted and maintained for the life of the Decree with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant shall ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified. Within ten (10) days of completion

of the required posting, Defendant shall forward to the Commission's counsel of record at the Philadelphia District Office, Sam Wallace, sam.wallace@eeoc.gov, a copy of the signed Notice attached hereto, written certification that the Notice referenced herein has been posted as required, and a statement of the locations and date(s) of posting.

### DISPUTE RESOLUTION AND COMPLIANCE REVIEW

18. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree including, but not limited to, monetary sanctions and injunctive relief.

    A. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Prior to such motion, the Commission shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days to either correct the alleged non-compliance, and so inform the Commission, or deny the alleged non-compliance in writing. If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;

    B. Each party shall bear its own costs, expenses and attorneys' fees incurred in connection with such action; and

    C. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Northern District of Ohio.

### REPORTING REQUIREMENTS

19. Every six (6) months, commencing six (6) months after the entry of this Decree by the Court, Defendant shall provide written reports to EEOC counsel of record, Sam Wallace at sam.wallace@eeoc.gov, identifying all internal complaints of disability discrimination made by

Defendant's employees for the preceding six-month period. The final written report shall be due ten (10) days prior to the expiration of this Decree.

20. Each report shall identify all persons who complained to Defendant of disability discrimination during the reporting period and a description of their complaint. Such identification shall include: the name, address, and telephone numbers for the complaining party.

21. Each report shall include a detailed description of all action taken in response to each complaint.

## MISCELLANEOUS

22. The Commission and the Defendant shall bear their own costs and attorneys' fees.

23. The terms of the Decree are and shall be binding upon (a) Defendant; (b) all present and future parents of Defendant; and (c) all present and future owners, officers, directors, employees, agents, trustees, administrators, successors, representatives, governing board members, or assigns of Defendant.

24. When this Decree requires the submission of any documents to the Commission, if not otherwise indicated in the Decree or Attachments, they shall be emailed to EEOC counsel of record Sam Wallace, sam.wallace@eeoc.gov.

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

| FOR PLAINTIFF<br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION | FOR DEFENDANT<br>UNITED LABOR AGENCY |
|---|---|
| /s/ Debra M. Lawrence<br>DEBRA M. LAWRENCE<br>Regional Attorney | /s/ Richard C. Haber<br>Richard C. Haber<br>Haber Legal Group<br>HABER LLP |
| /s/ Maria L. Morocco<br>MARIA L. MOROCCO | 30195 Chagrin Boulevard, Suite 323<br>Pepper Pike, Ohio 44022 |

Assistant Regional Attorney
Attorney for Plaintiff
U.S. Equal Employment Opportunity Commission
Washington Field Office
131 M Street, N.E., Suite 4NW02F
Washington, D.C. 20507
Phone: (202) 921-2795
Fax:     (202) 827-2349
maria.morocco@eeoc.gov

Office: (216) 250-4782
Fax: (216) 250-4783
rhaber@haberllp.com

/s/ R. Sam Wallace\_
R. Sam Wallace
Trial Attorney
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107
Phone: (267) 589-9762
Fax:     (215)440-2848
sam.wallace@eeoc.gov

**IT IS SO ORDERED:**

Signed and entered this _____ day of _____, 2023.

_____
Hon. David A. Ruiz, United States District Judge
United States District Court for the Northern District of Ohio

# EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is being posted pursuant to a federal court order voluntarily resolving a disability discrimination lawsuit brought by the United States Equal Employment Opportunity Commission (the "Commission") against United Labor Agency ("ULA") in the United States District Court for the Northern District of Ohio. In that lawsuit, *EEOC v. United Labor Agency*, Case No. 1:23-cv-00283, the Commission alleged that ULA violated the Americans with Disabilities Act of 1990, as amended (the "ADA"). 42 U.S.C. Section 12101, *et seq*.

The Commission is a federal agency which investigates charges of unlawful employment discrimination and brings lawsuits in federal court to enforce the ADA. The ADA prohibits discrimination against qualified employees and applicants with disabilities. Under the ADA, employers are required to provide qualified employees or applicants with a disability a reasonable accommodation, absent undue hardship, that permits them to perform the essential functions of their existing or desired position or to enjoy equal benefits or privileges of employment. Employers are affirmatively required to engage in an interactive process to provide reasonable accommodations to employees with a disability. Further, federal law prohibits retaliation against individuals for engaging in protected activity, which can include, for example, requesting a reasonable accommodation, filing a charge with the Commission, or otherwise assisting or participating in an employment discrimination investigation, hearing, or proceeding.

To resolve this lawsuit, ULA and the Commission have entered into a Consent Decree which provides, among other things, that ULA (1) will not discriminate on the basis of disability; (2) will engage in the interactive process to provide reasonable accommodations to disabled employees; (3) will train all employees concerning the federal laws prohibiting disability discrimination, reasonable accommodations, and ULA's policies on these matters; and (4) will distribute to all employees of ULA an ADA reasonable accommodation policy.

If you believe you have been discriminated against, you may contact the Commission at (800) 669-4000, or email the Philadelphia District Office at info@eeoc.gov. This Notice must remain posted for three years from the date below and must not be altered, defaced, or covered by any other material.

Dated: _____          _____
                                United Labor Agency